FILED
MAR 04 2008
U.S. DISTRICT COURT
ELKINS WV 26241

(1)

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY BENDER
Inmate no. 53437-004
Petitioner,

V. 5:08cv68

Federal Bureau of Prisons, United States Penitentiary Hazelton, Warden's Office, SIA Antonelli, Unit Manager Pulice, Case Manager Davis, Safety Manager Heikkinen, and other unnamed BOP employees
Respondents,

---

Emergency petition (2nd filing) related to imminent and immediate danger. Executing a sentence under these conditions of confinement is in violation of the constitution. Therefore, represents a violation of my civil rights.

---

I placed an emergency petition in the mail last Sunday. I mailed that petition to Atlanta's District Court, to forward to the Northern District of West Virginia's court. I did this, because I did not possess a mailing address, for the Northern District of West Virginia. I'm including with this petition, a list of evidentiary attachments, that were

supplied with that twelve page petition.

I'm hopeful that both that petition, and this one, will reach the court. Should that happen, these petitions are intended to represent the same case.

The urgency of my situation, I believe needs to be considered. Supplying the court with the BP-229 Administrative Remedy Request, and supporting exhibits, I provided to USP Hazelton's Warden's office, seems appropriate. Their lack of a response, is telling. I believe the court will be able to properly infer relief, through the Administrative Remedy process, is not forethcoming to me.

At this point, I believe that I should let the evidence I'm supplying the court, make my legal arguments for me. I could attempt to cite case law, such as Swafford v. Mandrell and Butler v. Dowd. I could attempt to lecture the court on how the Bureau of Prisons (BOP), has completely corrupted the Administrative Remedy process, in violation of the Prison Litigation Reform Act. I could attempt to lecture the court on executive policy statement 5270.07 of the BOP. Then I could apply these governing authorities to my situation.

I believe I am asking a great deal of the court, considering all of the material I am presenting. Expounding on it all, and attempting to frame a viewpoint, that I believe the court should take, is not what I wish to do.

I do believe it is imperative, that the court take notice, of the totality of my situation. I am being transferred from one United States Penitentiary (USP) to another, I am a prime target for assault, and I am not being

afforded protection. The BOP is actively working at creating fraudulent documentation, that justifies (or atleast attempts to), my being assaulted, or even murdered.

Their records reflect I'm not requesting protective custody. When their correctional officers announce I am a "baby raper" and "Child molester", to other penitentiary inmates, they create documents that say I was saying these things, and therefore targeting myself for assault. They have documented I have had suicidal ideations, even though I have never once expressed such a thought, in nine years in the BOP. They document I have a personality disorder. This is not based on any testing approved by the American Psychological Association, but simply by a correctional worker writing it down.

The fact I am asserting my right to protective custody, and do not have a death wish, is countered by official DOJ/BOP records. They are purposefully, and actively working, to make me unsafe, in an artistic, systematically designed fashion, that they believe can be justified, by creating fraudulent DOJ/BOP records.

Please take notice of the fact USP Hazelton's Warden's Office, improperly ordered the material I provided them, when they stapled it. The one 8.5 X 11 attachment page, goes with the BP-229, and should be before the table of contents and evidentiary exhibits, not after the table of contents. Also they shuffled the order of my written request to staff members, that went unanswered. They refer to my evidence of attempts at resolving the situation, through written request to

staff members, as continuation pages stating my case.

Look at paragraph one of exhibit 200 (They placed it out of order as the 2nd exhibit, rather than first.) This is clearly evidence of my written request to SIA Antonelli dated 2/4/08 (He read it in my presence!) not continuation pages to a BP-229 I filed on 2/18/08. I'm not going to waste the court's time citing other similar examples. The respondents believe they can refuse to provide me adequate official BOP Inmate Request to Staff Member forms, then refuse to answer any and all written documentation I present to staff members. When I write to staff members requesting they do their job properly, the requests need to be taken (and responded to), at face value. When they purposefully do their jobs improperly, that is beyond my control. It does not turn my written requests to staff members, submitted as evidence in support of a BP-229, into "continuation pages stating your [my] case." My good faith efforts, need to be viewed, in the light in which they were presented. Likewise, their bad faith efforts, need to be seen for what they are.

I will be greatful for the court's attention and consideration in this matter. I continue to pray for intervention from the court that reflects the spirit of our founding principles of God and country.

Sincerely,

3/1/08

Jeremy Bender

Jeremy Bender